<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAQUITA BLACKS, *individually and on behalf of her children H.J. and F.J*, <br><br> Plaintiff, <br><br> v. <br><br> LITTLE EGG HARBOR POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | Civil Action No. 24-2923 (MAS) (JBD) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on pro se Plaintiff Laquita Blacks', individually and on behalf of her children, ("Plaintiff") application to proceed *in forma pauperis* ("IFP") without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 6.) In support of her IFP Application, Plaintiff submitted a statement of all her assets, income, and expenses. (*See generally id.*) Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has established indigence and grants the IFP Application.

Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen her Complaint. (Compl., ECF No. 1.) The Court screens the Complaint to determine at the outset whether any claim should be dismissed: (1) as frivolous or malicious; (2) for failure to state a claim upon which relief may by granted; or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that

for dismissing a complaint pursuant to [Rule[1]] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. Cnty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that when evaluating a motion to dismiss, all factual allegations must be taken as true). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Courts construe pro se pleadings liberally. *See Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally."). That said, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Here, Plaintiff brings her action against various state and local law enforcement actors and Pinelands Regional High School. (Compl. 2.) As an initial matter, subject-matter jurisdiction is

---

[1] All references to "Rule" or "Rules" in this Memorandum Order refer to the Federal Rules of Civil Procedure.

2

not clearly established. Plaintiff alleges that the basis for this Court's jurisdiction is a U.S. Government Defendant, but none are mentioned in the Complaint; only state actors are listed as defendants. (*Id.*) Upon consideration of the pleadings, there are also no expressly plead federal claims. (*See generally id.*) Regardless, this Court liberally construes two federal claims from Plaintiff's allegations so as to establish subject-matter jurisdiction and consider the merits of Plaintiff's claims: 1) alleging that state actors failed to protect her and her family from private actors during a fight in violation of the Fourteenth Amendment (*id.* at 3 ("The police did not protect us."); and (2) attempting to state a claim under the Fourth and Fourteenth Amendments, through 28 U.S.C. § 1983, for law enforcement's use of unconstitutional excessive force against her daughter (*id.* ("I also have video of a police [officer] putting [a] knee on my daughter[s] neck"). Neither claim, however, is sufficiently pled under the Rule 12(b)(6) pleading standard.

      The basic facts alleged in the Complaint are as follows: In September 2021, Plaintiff and another parent had to call the police multiple times. (*Id.* at 3.) It appears that this may have been because certain children were calling Plaintiff and her family names and trying to fight Plaintiff's children. (*Id.*) Plaintiff went to pick her children up from school to protect them from these aggressors. (*Id.*) While trying to pick up her children, a fight broke out between a large group of people. (*Id.*) The local police, Plaintiff alleges, did not protect Plaintiff and her family. (*Id.*) Instead, Plaintiff alleges she has a video of a police officer "putting his knee on [Plaintiff's] daughter's [neck]." (*Id.*) Finally, Plaintiff alleges that she suffered mental injuries from the fighting, and that her daughter suffered neck and back injuries. (*Id.* at 4.)

      As to Plaintiff's first claim, that the police failed to protect her and her daughter during a fight, this is not a cognizable federal claim. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989) ("[T]he State ha[s] no constitutional duty to protect [a plaintiff] against

[a private actor's] violence[.] [I]ts failure to do so . . . simply does not constitute a violation of the of the Due Process Clause.") As such, it cannot serve as a basis for relief.

As to Plaintiff's second claim, Plaintiff does not supply sufficient facts, assuming in the first instance she can bring the claim on her daughter's behalf, to state an excessive force claim. "To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure occurred and that it was unreasonable under the circumstances." *Lamont v. New Jersey*, 637 F.3d 177, 182-83 (3d Cir. 2011). At most, the use of force that Plaintiff alleges, liberally construed, constitutes a seizure. Plaintiff does not allege any more facts, however, upon which this Court can analyze the reasonableness of the police officer's use of force.

For the above reasons, both of Plaintiff's claims fail. This Court will, however, grant Plaintiff an opportunity to amend her allegations to provide more clarity.

Accordingly, for the above reasons,

**IT IS** on this 4th day of November, 2024 **ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 6) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court shall close this case.

4. Plaintiff shall have thirty (30) days from the issuance of this Memorandum Order to file an amended complaint.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**